In re EAST 214TH ST. (OR AVENUE "A") IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County.   June 6, 1910.)

1. MUNICIPAL CORPORATIONS (§ 503*)—ASSESSMENT FOR OPENING STREET—
COST OF PROCEEDINGS—TAXATION—OBJECTIONS.
    Whether the costs and expenses of a proceeding to acquire land by New
York City necessary for the opening of a street are extravagant and out
of proportion with the size of the proceeding cannot be considered upon
the hearing of a motion to confirm the report of the commissioner of es-
timate and assessment, where the costs and expenses have been regular-
ly taxed after proper notice; the time and place for such objection being
before the judge to whom the costs were presented for taxation.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
1175;  Dec. Dig. § 503.*]

2. MUNICIPAL CORPORATIONS (§ 460*)—ASSESSMENT FOR OPENING STREET—
COSTS—FEES OF COMMISSIONERS.
    In proceedings by New York City to acquire land to open a street, the
fees of the commissioners may be taxed upon the property within the
area of assessment, in view of Greater New York Charter (Laws 1901, c.
466) §§ 258, 970, 980, 997, 998, 999, 1003, relating to the opening of streets.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
1102;  Dec. Dig. § 460.*]

3. MUNICIPAL CORPORATIONS (§ 460*)—ASSESSMENT FOR OPENING STREET—
WITNESS FEES.
    In such proceedings the fees paid by the city to its expert witnesses
may be taxed against the property owners of the assessment district.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
1102;  Dec. Dig. § 460.*]

4. MUNICIPAL CORPORATIONS (§ 407*)—ASSESSMENTS FOR OPENING STREET—AS-
SESSMENT BY ONE COMMISSIONER.
    Greater New York Charter (Laws 1901, c. 466) § 973, providing that in
proceedings to acquire land for the opening of a street one of the commis-
sioners of estimate shall act also as a commissioner of assessment, and
alone levy the assessments, is not unconstitutional; the power of the Leg-
islature to apportion taxes, which includes assessments, being unlimited,
in the absence of constitutional restrictions.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
1003, 1004;  Dec. Dig. § 407.*]

5. MUNICIPAL CORPORATIONS (§ 407*)—ASSESSMENT FOR OPENING STREET—
FIXING OF ASSESSMENT AREA BY BOARD OF ESTIMATE.
    For the same reason, the statute allowing the board of estimate to fix
the area of assessment for benefit is not unconstitutional.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
1003, 1004;  Dec. Dig. § 407.*]

6. MUNICIPAL CORPORATIONS (§ 439*)—ASSESSMENT FOR OPENING STREET—AS-
SESSMENT OF DAMAGE AND BENEFIT.
    Where, in proceedings by New York City to acquire land for a street,
where an award is made under Greater New York Charter (Laws 1901,
c. 466) § 980, allowing an award for damages to a building not taken for
the street purpose, but injured by the street improvement, an assessment
also may be made because of the benefit accruing to the land on which
the building stood, in common with other lands in the same neighbor-
hood, from having a frontage upon an improved street.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
1053;  Dec. Dig. § 439.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. MUNICIPAL CORPORATIONS (§ 502*)—ASSESSMENT FOR OPENING STREET—
CONFIRMATION OF COMMISSIONER'S REPORT—OBJECTIONS—EVIDENCE.

Greater New York Charter (Laws 1901, c. 466) § 980, confers upon the
commissioner of assessment the power to impose upon the city ·any part,
not exceeding one-third, of the estimated value of buildings taken in pro-
ceedings to acquire land for opening a street, providing he shall deem it
just and equitable under the circumstances. *Held*, that confirmation of
the report of the commissioner of estimate and assessment should not be
denied, because he did not assess any part of the value of the improve-
ment upon the city, and the report does not show in exact words whether
he considered the question, and why no such allowance was made, in the
absence of anything to show why such an allowance should be made.

[Ed. Note.—For other cases, see Municipal · Corporations, Cent. Dig. §
1174; Dec. Dig. § 502.*]

8. MUNICIPAL CORPORATIONS (§ 502*)—ASSESSMENT FOR OPENING STREET—OB-
JECTIONS TO CONFIRMATION—EVIDENCE.

Confirmation of the commissioner's report should not be denied, on the
ground that the adoption of a uniform and proportionate method of lay-
ing an assessment based upon the number of feet of frontage of the lots
is necessarily arbitrary and erroneous, as leaving out of account size,
grade, improvements, and other factors which should be given weight,
where there is nothing to show the existence of any such variations and
differences between the various lots.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
1174; Dec. Dig. § 502.*]

9. MUNICIPAL CORPORATIONS (§ 462*)—ASSESSMENT FOR OPENING STREET—RE-
PORT OF COMMISSIONER—VARIANCE FROM PRELIMINARY REPORT.

It is no objection to the final report of the commissioner of estimate
and assessment that the estimated amounts of benefit in the preliminary
report exceed those ·found in the final report; the difference being be-
cause the total costs of the proceeding did not equal the original esti-
mate, so that the proportionate part assessed against each parcel of prop-
erty had been correspondingly reduced.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
1106; Dec. Dig. § 462.*]

Application of the City of New York relative to acquiring title to
lands required for the opening and extending of a street. Motion to
confirm the report of the commissioner of estimate and assessment.
Report confirmed.

Archibald R. Watson, Corp. Counsel (Joel J. Squier and James
Regan Fitz Gerald, of counsel), for the motion.

Lawrence E. French, opposed.

GIEGERICH, J. The property owners object to the confirmation
of the report of the commissioner of estimate and assessment. Taking
up the points urged on their behalf seriatim, I reach the following con-
clusions:

First. Whether the costs and expenses of the proceeding are ex-
travagant and out of proportion with the size of the proceeding cannot
be considered at this stage, because they have been taxed regularly and
after proper notice, and the time and place for such objection was be-
fore the judge to whom the costs were presented for taxation.

Second. The taxation of the fees of the commissioners upon the
property within the area of assessment is not without warrant of stat-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ute, but, on the contrary, is authorized by the statute. An examination of sections 258, 970, 980, 997, 998, 999, and 1003 of the Greater New York charter (Laws 1901, c. 466) will show the statutory authority for the customary practice followed in this case.

Third. There is no good reason why the fees paid by the city to its expert witnesses should not in equity and justice be taxed against the owners. · In opposition to such course it is urged on behalf of the objecting property owners that the testimony of such experts had the effect of diminishing the award which the owner recovered, and that it would be iniquitous to charge the owner with his share of the expense of the witnesses whose testimony was used to depreciate the value of his property. This argument is based upon a narrow and partial view of the nature of condemnation proceedings. In such proceedings the city is compelled to call expert witnesses in order to protect citizens against themselves, or at least to protect one class of citizens against another. The entire cost, including the awards, is usually assessed upon the area deemed to be benefited, and, consequently, it is essential, in order to protect all within such assessment area, that the awards should be kept down to a fair figure.

Fourth. The claim that the levying of the assessments by one commissioner is unconstitutional is in conflict with the authorities. It is argued that the fixing of the assessments, is virtually a part of the awarding of compensation, and consequently, under article 1, § 7, of the Constitution of the state of New York, the compensation to be made for the property taken for the public use must be ascertained by a jury or by not less than three commissioners. In Roosevelt Hospital v. Mayor, etc., 84 N. Y. 108, at page 111, the court observed that:

"In a broad sense, taxes undoubtedly include assessments, and the right to impose assessments has its. foundation in the taxing power of the government."

So, too, in People v. Mayor, etc., of Brooklyn, 4 N. Y. 419, at page 426, 55 Am. Dec. 266, the court said that:

"The power of taxation and of apportioning taxation, or of assigning to each individual his share of the burthen, is vested exclusively in the Legislature, unless this power is limited or restrained by some constitutional provision. The power of taxing and the power of apportioning taxation are identical and inseparable. Taxes cannot be laid without apportionment. and the power of apportionment is therefore unlimited, unless it be restrained as a part of the power of taxation."

I am aware of no such restraint, and none is pointed out in the brief before me. The Legislature, in the exercise of the power above indicated, has provided in section 973 of the Greater New York charter for the appointment of one of the commissioners of estimate to act also as a commissioner of assessment. The power thus vested in him is valid, and appears to have been regularly exercised.

Fifth. The next objection made is that it was unconstitutional for the board of estimate to fix the area of assessment for benefit; the argument being that the board of estimate is essentially a legislative body, and in no sense judicial, and that the statute, in conferring this power to fix the area of assessment, sought to clothe that board with judicial powers, citing Monongahela Navigation Co. v. United States,

148 U. S. 312, 13 Sup. Ct. 622, 37 L. Ed. 463. This argument is based upon the same misapprehension as to the nature of an assessment, which, as above shown, is a tax, and cannot be deemed a part of the compensation awarded, or so connected with compensation as to constitute a part thereof.

Sixth. The next objection is that an assessment for benefit where there were actual damages was error, and the assessment should be reduced by the amount of the damage found. This objection seems to be based upon the same fundamental confusion of the two distinct things, benefit and damage. Section 980 of the Greater New York charter provides that an award may be made for damage to a building not taken for the street purpose, but injured by the street improvement, and the damage found and allowed in this case seems to have been of such a character. The assessment, on the other hand, was made because of the benefit which accrued to the land on which such building stood (in common with other lands in the same neighborhood), arising from the fact of having frontage upon an improved street.

Seventh. Section 980 of the charter confers upon the commissioner of assessment the power to impose upon the city any part, not exceeding one-third, of the estimated value of buildings taken in the proceeding, provided "he shall deem it just and equitable under the circumstances to do so." In this case the commissioner did not assess any part of such value upon the city. The objecting owner insists that the report should show in exact words whether the commissioner considered this question and why no such allowance was made; but, at least in the absence of anything to show why such an allowance should be made, I do not think the confirmation of the report should be refused on this ground.

Eighth. The final objection made is that the adoption of a uniform and proportionate method of laying the assessment, based upon the number of feet of frontage of the various lots, is necessarily arbitrary and erroneous, in that it leaves out of account size, grade, improvements, and other factors that should be given weight; but there is nothing to show the existence of any such variations and differences between the various lots. Neither do I find any force in the objection that the estimated amounts of benefit in the preliminary report exceed those found in the final report. The difference is due to the fact that the total cost of the proceeding will not equal the original estimate, and, consequently, the proportionate part assessed against each parcel of property within the benefit area has been correspondingly reduced. If the total cost of the improvement is to be borne by the property embraced within the assessment area determined upon, there would seem to be no other practicable method of arriving at the several amounts which each parcel of property should pay. In this respect an assessment for benefit is like any other form of taxation; the amount to be borne by each piece of property necessarily varying with the total amount which is to be raised.

The report should be confirmed.